# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN ROLDAN,<br><br>                              Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>                             Respondent. | Case No.: 18cv2006-JAH (RBB)<br><br>**ORDER:**<br><br>**1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 11); AND**<br><br>**2) GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. No. 9)** |

## INTRODUCTION

The matter before the Court is the review of the Report and Recommendation, (Doc. No. 11), issued by United States Magistrate Judge Ruben B. Brooks, recommending that Respondent's Motion to Dismiss, (Doc. No. 9), be granted. After careful consideration of the entire record, the Court (1) **ADOPTS** the Magistrate Judge's Report and Recommendation; and (2) **GRANTS** Respondent's Motion to Dismiss.

## BACKGROUND

Petitioner, Ivan Roldan, was convicted of murder, three counts of attempted murder, and assault with force likely to produce great bodily injury in 1997. (Not. Lodgment Attach.

#1[Legal Status Summary], at 1, ECF No. 10.)[1] He was sentenced to a prison term of seventy-nine years to life with the possibility of parole. *Id*.

On July 18, 2016, Correctional Officers D. Acosta and R. Dubbe searched the cell belonging to Petitioner and Victor Aldana. (Not. Lodgment Attach. #2; *In re Roldan*, No, S245962 (Cal. Sup. Ct. [filed Dec. 13, 2017]) (petition for writ of habeas corpus), at 21, Doc. No. 10). During the search, Officer Acosta found several bindles containing black tar heroin, "with a total weight of 5.47 grams with packaging." (*Id.*). Prison officials charged Petitioner with violating section 3016(a) of Title 15 of the California Code of Regulations for "Possession of a Controlled Substance for Distribution (Heroin)" and issue a Rules Violation Report ("RVP"). (*Id.* at 23, 43-47). On September 18, 2016, Senior Hearing Officer J. Coronado conducted a disciplinary hearing in which Petitioner was found guilty of distribution of a controlled substance based on the preponderance of the evidence. (*Id.* at 57, 63).

On or about March 23, 2017, Petitioner filed an administrative appeal of the decision based on his cellmate (Aldana) accepting responsibility of the drugs and him having no control over what his cellmate brings into the cell. (*Id.* at 71, 75). Petitioner's appeal was permitted to bypass the first level of review, but denied as to the second and third level of review.[2] (*Id.* at 71, 81, 87). Following completion of the administrative review process, on October 2, 2017, Petitioner filed a petition of habeas corpus in the Superior Court of California, County of Imperial. Petitioner's habeas was denied and he appealed to the California Court of Appeal. Petitioner's appeal was denied by the Court of Appeal, as well as the California Supreme Court.

Petitioner filed his federal petition for Writ of Habeas Corpus on August 27, 2018 (Doc. No. 1). On February 20, 2019, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas. (Doc. No. 9). Petitioner did not file a response. On June 28, 2019, the

---

[1] The Court cites to documents as paginated on the electronic case filing system.
[2] The administrative review process consists of a three-tiered review system.

Magistrate Judge issued the Report and Recommendation. (Doc. No. 11). The Report and Recommendation recommends that Respondent's Motion to Dismiss be granted and the petition be dismissed with prejudice. The Report and Recommendation states, "[A]ny party to this action may file written objections with the Court and serve a copy on all parties **July 19, 2019**." The docket reflects that no objections to the Report and Recommendation have been filed.

### REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (*en banc*).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." 28 U.S.C. § 2254; *see also White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989). Here, it appears plain from the Petition that Petitioner is not entitled to federal habeas relief because Petitioner has failed to state a claim cognizable under federal habeas. Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. *Oxborrow v. Eikenberry,* 877 F.2d 1395, 1399 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to the level of constitutional violation).

After review of the Report and Recommendation, the state habeas litigation, and the submissions of the parties, the Court concludes that the Magistrate Judge correctly found that the California Court of Appeal articulated specific and legitimate reasons based on substantial evidence in the record for rejecting Petitioner's claim.

# CONCLUSION

IT IS HEREBY ORDERED that: (1) the Report and Recommendation, (Doc. No. 11), is **ADOPTED** in its entirety; and (2) Respondent's Motion to Dismiss, (Doc. No. 9), is **GRANTED**. The Clerk shall enter judgment for Respondent and against Petitioner.

**IT IS SO ORDERED.**

Dated: February 25, 2020

Hon. John A. Houston
United States District Judge